UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Crim. File No. 04-156 (PAM/RLE)

Plaintiff,

v.   **MEMORANDUM AND ORDER**

Richard E. Reiss,

Defendant.

This matter is before the Court on Defendant Richard Reiss's Motion in Limine. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Defendant Richard Reiss, a tax preparer, is charged with aiding in the preparation and presentation of false tax returns from 1999 through 2002 in violation of 26 U.S.C. § 7206(2). In particular, the Government alleges that Reiss overstated over $1,000,000 in expenses in eighty-six tax returns, thereby causing a $232,226 tax loss to the United States. Trial begins on June 13, 2005. The Government has notified Reiss that it intends to introduce evidence of his past conduct in both its case in chief and in rebuttal. Reiss has filed a Motion in Limine to exclude much of that evidence.

**DISCUSSION**

**A.   Prior Acts Evidence in the Government's Case in Chief**

1.   <u>Civil Penalties</u>

The Government seeks to introduce evidence in its case in chief that Reiss agreed to pay sixty penalties to the Internal Revenue Service for understating tax liability for tax years

1984-1986 due to negligence or intentional disregard of internal revenue rules and regulations. Similarly, it seeks to introduce evidence that the Internal Revenue Service assessed civil penalties against Reiss after determining that Reiss willfully or negligently overstated tax deductions in some of the returns he prepared for tax years 1986-1987.

Reiss argues that this evidence should be excluded because it is irrelevant and inadmissible character evidence. The Government asserts that it will use the evidence to prove that Reiss knew that overstating expenses on tax returns — and thereby understating tax liability — was unlawful.

      a.     Federal Rule of Evidence 404(b)

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of the accused's bad acts if the evidence is offered to show the accused acted in conformity with the prior bad acts. However, the Rule allows admission of prior acts evidence if it is offered for a non-propensity purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Adams, 898 F.2d 1310, 1313 (8th Cir. 1989). When intent is an element of the crime charged, "evidence of other acts tending to establish that element is generally admissible." Adams, 898 F.2d at 1312 (quoting United States v. Miller, 725 F.2d 462, 466 (8th Cir. 1984)); see also United States v. Southwest Bus Sales, Inc., 20 F.3d 1449, 1456-57 (8th Cir. 1994) (intent is at issue when it is an element of the crime charged and is necessary to the government proving its case beyond a reasonable doubt). Moreover, Rule 404(b) is a rule of inclusion. United States v. Crenshaw, 359 F.3d 977, 998 (8th Cir. 2004). However, it "does

not give the government the unhindered ability to introduce evidence of prior acts." Id. Instead, the prior acts evidence must be: (1) relevant to a material issue; (2) similar in kind and close in time to the charged crime; (3) established by a preponderance of evidence; and (4) such that its probative value is not outweighed by any prejudicial impact. Crenshaw, 359 F.3d at 998 (citing United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002)).

Reiss argues that evidence relating to the civil penalties is not relevant to a material issue at hand. To the contrary, the imposition and payment of civil penalties put Reiss on notice that his conduct in overstating expenses in tax returns violated federal law. Accordingly, the evidence is relevant to prove intent, knowledge, and absence of mistake.

Reiss also contends that the impositions of civil penalties are neither similar nor close in time to the offenses charged. In particular, Reiss notes that the penalties were imposed twelve years before the offenses charged in the Superseding Indictment. In addition, he notes that the penalties relating to his preparation of 1984-1986 tax returns were imposed because of his negligent or intentional disregard for internal revenue rules or regulations — and not for the willful understatement of tax liability.[1]

Although the prior acts occurred twelve years before the offenses charged in the Superseding Indictment, that fact does not render the evidence relating to the prior acts inadmissible. See, e.g., United States v. McCarthy, 97 F.3d 1562, 1573 (8th Cir. 1996) (seventeen years separating offenses); United States v. Holmes, 822 F.2d 802, 804-05 (8th

---

[1] The penalties imposed for Reiss's preparation of 1986-1987 tax returns involved him overstating expenses to reduce taxable income. Those penalties were assessed under 26 U.S.C. § 6694(b) for the willful understatement of tax liability.

Cir. 1987) (twelve years separating offenses); United States v. Engleman, 648 F.2d 473, 479 (8th Cir. 1981) (thirteen years separating offenses). Courts do not employ an absolute rule regarding the number of years that can separate offenses. Instead, they apply a reasonableness standard and examine the facts and circumstances of each case. United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000) (discussing cases permitting introduction of Rule 404(b) evidence despite separations in occurrences of offenses ranging from twelve to seventeen years).

The type of conduct involved in the imposition of the civil penalties is substantially similar to the type of conduct that is involved in this case: the overstatement of expenses that resulted in the understatement of tax liability. Based on the similarities of the conduct, as well as the probative value of the evidence, the Court concludes that the prior acts evidence is both similar in kind and close in time to the charged offenses.

Finally, Reiss maintains that the civil penalties do not establish by a preponderance of evidence that he actually committed the prior bad acts. He ignores the fact that he agreed to the assessment of the penalties relating to his preparation of 1984-1986 tax returns, and that the penalties assessed relating to his preparation of the 1986-1987 tax returns were sustained by this Court. Thus, his argument that proof of his prior conduct is insufficient fails.

      b.     Federal Rule of Evidence 403

Reiss also submits that the evidence of prior civil penalties should be excluded under Federal Rule of Evidence 403 because it presents a threat of unfair prejudice, confusion, and undue delay. While the evidence of prior civil penalties is undoubtedly prejudicial, Rule 403

4

"is concerned only with unfair prejudice, that is, an undue tendency to suggest decision on an improper basis." United States v. Fletcher, 322 F.3d 508, 518 (8th Cir. 2003) (internal quotations and citation omitted). As in Fletcher, evidence in this case of previous civil penalties, which relate to acts similar to those charged in the indictment, possesses significant probative value, especially with respect to establishing Reiss's knowledge and intent. Moreover, any threat of prejudice or confusion will be allayed by an instruction that the evidence of the civil penalties cannot be considered to prove that Reiss committed the offenses charged in the Superseding Indictment. Accordingly, the Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion, or delay. The evidence relating to the civil penalties is admissible.

2. Civil Adjudication

The Government seeks to introduce evidence that Arnold and Annette Zach obtained a judgment against Reiss in conciliation court based on his preparation of their 1997-1999 tax returns. The Government intends to elicit testimony that the Zachs did not provide Reiss with expense information he used in their tax returns. These allegations comprise Counts 22 and 23 of the Superseding Indictment.

Any objection to the admissibility of this evidence based on Rule 404 is unavailing for two reasons.[2] First, Fletcher is directly on point and clearly allows the admissibility of prior civil adjudications arising out of the past provisions of tax services. 322 F.3d at 518. Second,

---

[2] Reiss did not object to evidence of the prior adjudication in his Motion in Limine, but the Government briefed its position on the admissibility of the evidence in its pretrial memoranda.

"bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged" do not fall within the scope of Rule 404. United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997) (quoting United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996)). Because the evidence relating to the civil action is inextricably linked with the charged offenses, it is admissible. Id. (citing United States v. McGuire, 45 F.3d 1177, 1188 (8th Cir. 1995)).

### 3. Employee Testimony

The Government intends to examine four employees of Richard E. Reiss & Associates and elicit testimony that they signed tax returns that Reiss prepared while he was suspended by the Internal Revenue Service. Generally, this testimony may be probative and therefore admissible, if it explains how Reiss allegedly aided in the preparation and presentation of income tax returns. See United States v. Brownlee, 890 F.2d 1036, 1441-42 (8th Cir. 1989).

However, the Government also seeks to introduce power of attorney forms signed by one of the employees, wherein the employee falsely indicated that he was a licensed certified public accountant. The fact that the employee made a false statement on the power of attorney forms is not probative to the allegations that Reiss willfully aided in preparing fraudulent tax returns, and therefore may be excluded under Rule 402. However, the fact that the employee made a false statement on the forms may go to the employee's credibility and therefore may be admissible under Rule 608. The Court will address this issue during trial if needed.

**B.      Prior Acts Evidence in the Government's Rebuttal**

   1.      <u>Untimely Tax Returns</u>

The Government seeks admission of evidence that Reiss did not file timely tax returns for several years between 1978 and 1989. It also wants to offer evidence that Reiss has not filed his 2001-2004 personal tax returns — even though Reiss has been granted an extension until August 2005. Reiss contends that this evidence is irrelevant and will be used solely to impermissibly taint his character. The Government responds that the evidence is admissible under Rule 404.

Considering the four factors used to analyze admissibility under Rule 404(b), the Court finds that the evidence of untimely filings must be excluded. First, the prior acts evidence is only marginally relevant to whether Reiss willfully aided in the preparation and presentation of fraudulent tax returns. Indeed, the prior acts evidence is relevant only to show that Reiss engaged in other misconduct with the Internal Revenue Service, thereby showing that Reiss has a propensity to disregard tax law. This is precisely what Rule 404(b) prohibits. Second, the prior acts evidence involves conduct that is markedly different from the alleged conduct in this case. The prior conduct involving the late filing of tax returns differs substantially from the alleged assistance in preparing fraudulent tax returns. Finally, the potential prejudice of the prior acts evidence substantially outweighs its probative value. From the prior acts evidence, a juror may infer that Reiss has a propensity to disregard all tax law and use that inference to conclude that he is guilty of the offenses in this case. Thus, the evidence of previous untimely tax filings is inadmissible under Rule 404(b).

The Government also contends that it may use the untimely tax filings evidence to rebut Reiss's claims that he relied on others for the expense amounts he used in the tax returns. The Government may introduce evidence to rebut evidence presented by Reiss about his good character. See Fed. R. Evid. 404(a)(1). However, the fact that Reiss filed his personal income taxes in an untimely manner over a decade prior to the charged offenses bears no relevance to Reiss's credibility or character as it relates to the willful preparation of fraudulent tax returns. The evidence is therefore inadmissible under Rule 404(a).

Indeed, the evidence of the untimely filings is not relevant to any material issue in this case and is therefore inadmissible. See Fed. R. Evid. 401; Fed. R. Evid. 402.

2.  License Revocation

The Government wants to introduce evidence that the Minnesota Board of Accountancy revoked Reiss's certified public accountant license in 1994, after it determined that Reiss obtained credit cards in the name of one of his clients and used the cards to buy merchandise between 1990 and 1991. Whether the revocation was permanent and whether Reiss committed any of the charged offenses while the revocation was in effect is unclear. Reiss argues that Rules 403 and 404(b) bar the admission of evidence relating to the revocation.

The Government also seeks to introduce a letter that Reiss sent to his clients after the revocation of his license, which advises them that his suspension did not involve negligence or malpractice. The Government construes the letter as disingenuous because it fails to advise the clients that the suspension involved intentional misconduct and allegations of fraud. Reiss

objects, maintaining that the letter is neither dishonest nor probative and therefore inadmissible under Rules 402, 403, and 404(b).

Although the fact that Reiss was suspended by the Board of Accountancy may be relevant and therefore admissible, evidence relating to the underlying reasons for the suspension must be excluded under Rule 404(b). First, Reiss's conduct that led to the suspension is entirely independent and only marginally relevant to whether Reiss willfully aided in the preparation and presentation of fraudulent tax returns. Indeed, evidence of his conduct is relevant only to show that Reiss engaged in other dishonest behavior, thereby showing that Reiss has a proclivity to commit fraud. This is precisely what Rule 404(b) prohibits.

Second, although both involve fraudulent conduct, the prior conduct is markedly different from the alleged conduct in this case. Defrauding a client by using her name on a credit card differs substantially from defrauding the Government by preparing fraudulent tax returns. The victims are different, the beneficiaries are different, the methods of fraud are different, and the schemes are completely unrelated. See Schneider v. Revici, 817 F.2d 987, 991-92 (2d Cir. 1987) (questioning the relevancy of a suspension of a medical license and medicaid payments as it related to fraud claims).

Finally, the potential prejudice of the prior acts evidence substantially outweighs its probative value. From the prior acts evidence, a juror may infer that Reiss has a propensity to defraud others and use that inference to conclude that Reiss is guilty of the offenses charged in this case. Thus, evidence relating to why the Minnesota Board of Accountancy revoked

9

Reiss's certified public accountant license — including the letter that Reiss sent to his clients — is inadmissible under Rule 404(b). However, if Reiss committed any of the alleged offenses while his license was revoked, that fact is relevant. Accordingly, evidence that Reiss's license was revoked while he committed the alleged offenses is admissible.

    3.    <u>Department of Economic Security Decision</u>

The Government seeks to introduce into evidence a decision by the Department of Economic Security, which found that Richard E. Reiss & Associates was the successor to Richard E. Reiss & Co. and therefore imposed a higher employer tax rate because Richard E. Reiss & Co. did not pay nearly $2,000,000 in wage taxes. Reiss objects, arguing that the evidence is irrelevant and prejudicial. The Court agrees, as the Department of Economic Security decision does not make a consequential fact in the case against Reiss more or less probable. <u>See</u> Fed. R. Evid. 402. Moreover, the danger of unfair prejudice and confusion of issues substantially outweighs the probative value of the evidence. <u>See</u> Fed. R. Evid. 403. Accordingly, the evidence is excluded.

    4.    <u>Power of Attorney Form</u>

The Government seeks to introduce evidence that Reiss filed a power of attorney in August 2000 on behalf of a taxpayer while Reiss was suspended from appearing as a taxpayer representative before the Internal Revenue Service. The power of attorney indicates that Reiss is an "unenrolled return preparer under § 10(c)(viii) of the Treasury Department Circular No. 230 " and does not claim to be a certified public accountant. Reiss objects, arguing that he did

not make a dishonest statement in the form, and therefore the evidence is irrelevant and prejudicial. The Court will reserve ruling on the admissibility of this evidence until trial.

**CONCLUSION**

The Government notified Reiss of its intent to introduce other prior acts evidence at trial. However, Reiss has not sought to exclude such evidence. Thus, the Court will reserve ruling on the admissibility of the remaining prior acts evidence until trial. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine (Clerk Doc. No. 76) is **GRANTED in part** and **DENIED in part** as set forth above.

Dated: June 9, 2005

s/ Paul A. Magnuson<br>
Paul A. Magnuson<br>
United States District Court Judge